UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN NORRIS,           )
                        )
        PETITIONER,     )              CIVIL ACTION
                        )              No.05-11353-MLW
                        )
Vs.                     )
                        )
                        )
STEVEN O'BRIEN,         )
                        )
        RESPONDENT,     )

## PETITIONER'S OPPOSITION MOTION TO
## RESPONDENT'S MOTION TO DISMISS

NOW COMES THE PETITIONER IN THE ABOVE-CITED MATTER AND
HEREBY MOVES THIS HONORABLE COURT FOR DENIAL OF THE RESPONDENTS
MOTION TO DISMISS, AS REASONS THEREFORE, THE PETITIONER
STATES THE FOLLOWING:

1) UNDER THE AEDPA'S 28 U.S.C. § 2244(D)(1)( THE STATUE OF
LIMITATIONS BEGINS TO RUN WHEN THE CHALLENGED STATE JUDGEMENT
"BECAME FINAL BY THE CONCLUSION OF DIRECT REVIEW OR EXPIRATION
OF THE TIME SEEKING SUCH REVIEW"). FURTHERMORE, SECTION
2244(D)(2) STATES THAT "THE TIME DURING WHICH A PROPERLY
FILED APPLICATION FOR STATE POST-CONVICTION OR COLLATERAL
REVIEW WITH RESPECT TO THE PERTINENT JUDGEMENT OR CLAIM IS
PENDING SHALL NOT BE COUNTED TOWARD ANY PERIOD OF LIMITATION
UNDER THIS SECTION." MANY APPELLATE CIRCUITS HAVE RULED
THAT THE STATUE OF LIMITATION WAS TOLLED FOR "ALL THE TIME
DURING WHICH A STATE PRISONER IS ATTEMPTING, THROUGH PROPER
USE OF STATE PROCEDURES TO EXHAUST STATE COURT REMEDIES WITH
REGARD TO A PARTICULAR POST-CONVICTION APPLICATION." SEE
BARNETT V. LEMASTER, 167 F.3D 1321, 1323 (10TH CIR. 1999);

-2-

VALENTINE V. SENKOWSKI, 966 F.SUPP. 239, 241 (S.D.N.Y. 1997); KILLELA V. HALL, 84 F.SUPP. 2D 204, 211 (D.MASS. 2000).


2) UNDER MASS.R.CRIM.P. 30, A CRIMINAL DEFENDANT MAY UPON NEWLY DISCOVERED EVIDENCE FILE A MOTION FOR NEW TRIAL. AS CONCURRED BY THE RESPONDENT, THE PETITIONER FILED A "NEWLY DISCOVERED EVIDENCE" MOTION ON AUGUST 26, 2002. THE COURT DENIED THIS MOTION ON JANUARY 9, 2003, AND SUBSEQUENTLY ON FEBRUARY 21, 2003, THE PETITIONER FILED A MOTION FOR RECONSIDERATION, MOTION FOR LEAVE TO FILE AMENDED MOTION FOR NEW TRIAL AND AMENDED MOTION FOR NEW TRIAL. THE GIST OF THESE MOTION'S WERE TO INFORM THE COURT OF APPELLATE COUNSEL'S FAILURE TO ADEQUATELY ARGUE CERTAIN ISSUES. THE APPEALS COURT CONSOLIDATED THESE TWO MOTIONS FOR NEW TRIAL AND AFFIRMED THE DENIAL OF THEM ON APRIL 24, 2004. THE SUPREME JUDICIAL COURT DENIED THE PETITIONERS FURTHER APPELLATE REVIEW ON JUNE 30, 2004, AND THIS HABEAS CORPUS PETITION WAS FILED ON JUNE 27, 2005.

    AS SUCH, THE PETITIONER STATES THAT HIS SECOND AND THIRD MOTIONS FOR NEW TRIAL, WERE "TIMELY FILED" THUS THE STATUE OF LIMITATION WAS TOLLED. SEE REYES V. KEANE, 90 F.3D 676, 679 (2D CIR. 1996)(TIME DURING WHICH A PROPERLY FILED STATE COURT APPLICATION FOR COLLATERAL REVIEW IS PENDING IS EXCLUDED FROM THE ONE-YEAR PERIOD."). THE RESPONDENT DID NOT ARGUE THAT THE "NEWLY DISCOVERED EVIDENCE" MOTION WAS PROCEDURAL BARRED, SO THE PETITIONER'S ARGUMENT MUST BE TAKEN AS TRUE.


3) THE PETITIONER ALSO BELIEVES THAT A IT WOULD A INJUSTICE TO DISMISS HIS PETITION, SINCE HE HAS RAISED A CLAIM OF ACTUAL INNOCENCE (TO BE ESTABLISH VIA DISCOVERY E.G., INTERROGATORIES, FORENSIC DNA RE-TESTING OF PHYSICAL EVIDENCE ITEM'S IN THE STATE'S CUSTODY).

-3-

4) A RULE 12(B)(6) IS DESIGNED TO TEST WHETHER A COMPLAINT
PROPERLY STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED.
A RULE 12(B)(6) MOTION TO DISMISS REQUIRES A COURT TO ACCEPT
"THE FACTUAL AVERMENTS CONTAINED IN THE COMPLAINT AS TRUE,
INDULGING EVERY REASONABLE INFERENCE HELPFUL TO THE PLAINTIFF'S
CAUSE." GARITA HOTEL LTD. PARTNERSHIP V. PONCE FEDERAL BANK,
F.S.B., 958 F.2D 15, 17 (1ST CIR. 1993). THE FACT THAT THE
"COMPLAINT" AT ISSUE IS A PETITION FOR A WRIT OF HABEAS CORPUS
DOES LITTLE TO CHANGE THE ANALYSIS. SEE ROSE V. LUNDY, 455 U.S.
509, 102 S.CT. 1198, 71 L.ED.2D 379 (1982). AS SUCH, THIS
COURT SHOULD ACCEPT THE PETITIONER'S AVERMENTS THAT HE
FILED A "PROPER" AND TIMELY STATE APPELLATE MOTION FOR NEW
TRIAL, AND TIMELY HABEAS CORPUS PETITION.

## CONCLUSION

FOR THE REASONS SET FORTH ABOVE, THE PETITIONER RESPECTFULLY
REQUESTS THAT THIS COURT DENY THE RESPONDENT'S MOTION TO
DISMISS.

RESPECTFULLY SUBMITTED

KEVIN NORRIS, PRO SE

DATED: AUGUST 5, 2005                    P.O.BOX 466
                                         GARDNER,MA 01440

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE RESPONDENT, VIA HIS COUNSEL BY FIRST-CLASS MAIL, POSTAGE PRE-PAID, TO HIM AS FOLLOWS: JONATHAN OFILOS, OFFICE OF ATTORNEY GENERAL "CRIMINAL BUREAU", ONE ASHBURTON PLACE, BOSTON, MA 02108-1598

KEVIN NORRIS