UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
KEVIN NORRIS,                    )
     Petitioner,                 )
                                 )
     v.                          )   C.A. No. 05-11353-MLW
                                 )
STEVEN O'BRIEN,                  )
     Respondent.                 )
```

MEMORANDUM AND ORDER

WOLF, C.J.

I.  INTRODUCTION

Pro se petitioner Kevin Norris ("Norris"), an inmate serving a twenty-five to forty year sentence in North Central Correction Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 on June 27, 2005. (Docket No. 1). A Suffolk County jury convicted Norris of (1) three counts of aggravated rape; (2) two counts of armed robbery; (3) one count of breaking and entering; and (4) one count of assault and battery. The Appeals Court of Massachusetts affirmed the conviction on March 7, 1996. Pet. at 2. The Supreme Judicial Court of Massachusetts ("SJC") denied further appellate review on April 29, 1996. Commonwealth v. Norris, 664 N.E.2d 1197 (Mass. 1996).

Norris filed a motion for a new trial in the Suffolk Superior Court on May 20, 1998. Exhibit A at 9. That motion was denied on May 29, 1998 (Id.) and the Appeals Court of

1

Massachusetts affirmed the denial on October 22, 1999. Commonwealth v. Norris, 717 N.E.2d 1050 (Mass.App.Ct. 1999) On September 28, 2000, the SJC denied Norris' application for further review. Commonwealth v. Norris, 737 N.E. 2d 468 (Mass. 2000).

Norris filed a second motion for a new trial based on a claim of newly discovered evidence on August 26, 2002. Exhibit A at 10. The Suffolk Superior Court denied this motion as well. Id. at 11. Norris appealed this denial and filed a third motion for a new trial on February 21, 2003, while this appeal was still pending. Id. at 11. The Suffolk Superior Court denied the petitioner's third motion for a new trial on March 28, 2003. Id. at 12. Norris appealed this denial as well. The Appeals Court of Massachusetts consolidated the two pending appeals and affirmed the denial of his second and third motions for new trial. Commonwealth v. Norris, 807 N.E.2d 252 (Mass.App.Ct. 2004). On June 30, 2004, the SJC again denied further appellate review. Commonwealth v. Norris, 810 N.E. 2d 1229 (Mass. 2004).

Norris now seeks habeas relief on the grounds that (1) his conviction was obtained by criminal acts that are not covered by the indictments; (2) his conviction was "obtained by trial jury not unanimously agreeing to specific acts of criminal misconduct"; (3) his trial counsel was ineffective at sentencing; (4) newly discovered DNA testing results required at least an

2

evidentiary hearing in response to his motion for new trial; (5) the Commonwealth provided the sentencing judge with inaccurate and misleading information concerning the petitioner's criminal record and the court used a prior conviction against the petitioner that was later declared invalid; (6) his trial counsel was ineffective due to his failure to timely object to the petitioner's jury pool. Pet. 4-6.

On July 26, 2005, respondent Steven O'Brien ("O'Brien") filed a Motion to Dismiss (Docket No. 4) and a memorandum in support of the motion (Docket No. 5) in which he argues that Norris' habeas petition is time-barred. Norris filed an Opposition to this motion on August 9, 2005. (Docket No. 6).

For the reasons set forth below, O'Brien's Motion to Dismiss is being allowed.

II. DISCUSSION

Generally, a § 2254 motion must be filed within one year of "the date on which the judgment of convictions becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Under the statute, Norris' conviction became final on July 28, 1996 when the time to seek certiorari review by the Supreme Court expired, which was ninety days after the SJC's denial of his direct appeal on April 29, 1996. See Sup.Ct.R. 13; Kapral v.

3

United States, 166 F.3d 565, 570-71 (3rd Cir. 1999). Therefore, Norris had until July 28, 1997 to file his petition for habeas relief in this court. Nevertheless, Norris waited until June 27, 2005, to file his habeas application, rendering his petition nearly eights years late. Accordingly, his petition is untimely and must be dismissed. See Lattimore v. Dubois, 311 F.3d 46, 53-54 (1st Cir. 2002)(holding that a petition which is filed just a day after the expiration of the statute of limitations must be dismissed as time-barred).

    Norris argues that the statute of limitations was tolled by his final two motions for a new trial, which were denied appellate review by the SJC on June 30, 2004. The date on which the SJC denied appellate review of these motions is irrelevant, however, because Norris' motions for a new trial were all filed well after the statute of limitations for filing his habeas petition had already expired. Consequently, these motions could not toll the statute of limitations. See Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001)(a petitioner cannot toll the statute of limitations if it has already expired). Indeed, Norris filed his first motion for a new trial on May 20, 1998 – nearly ten months after the expiration of the statute of limitations. The second and third motions (submitted on August 26, 2002, and February 21, 2003, respectively) were filed over five years after the deadline had passed. As a result, Norris'

motions for a new trial did not toll the statute of limitations and his habeas petition is time-barred.

III. ORDER

    Accordingly, it is hereby ORDERED that the respondent's Motion to Dismiss (Docket No. 4) is ALLOWED and this case is DISMISSED.

```
 June 26, 2006                          /s/ MARK L. WOLF
DATE                                   UNITED STATES DISTRICT JUDGE
```