UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN NORRIS,            )
        Petitioner,      )
                         )          FILED
                         )      IN CLERKS OFFICE
 V.                      )
                         )      2006 JUL 31 P 2: 09
                         )          C.A. No.05-11353-MLW
STEVEN O'BRIEN,          )      U.S. DISTRICT COURT
        Respondent,      )      DISTRICT OF MASS


PETITIONERS APPLICATION FOR
CERTIFICATE OF APPEALABILITY

   Pursuant to 28 U.S.C. § 2253, F.R.A.P. 22(b) and Loc.R. 22.1, Petitioner Kevin Norris, hereby moves for a Certificate of Appealability with respect to **"Certain"** issues raised in his petition as Follows:

1. Whether dismissal of petitioners petition pursuant to Rule 12(b)(6), was proper?

2. Whether the petitioners deadline for filing his habeas corpus petition was "Tolled" during the time that he was attempting through proper use of state court procedures to exhaust state court remedies with regard to a particular Post-conviction application, under Section 2244(d)(2)?

3. Whether under the "Miscarriage of Justice" **Exception** petitioner. was entitled to review of his DNA Re-testing issue and Ineffective assistance of counsel Claims; whether petitioners claims warrant de novo under the "Newly Discovered Evidence" clause?

4. (a) Whether petitioner is entitled to de novo review where his claims were not adjudicated on the merits in the State Court Proceedings; (b) Whether petitioner is entitled to de novo review , where his federal claims before the state courts were not addressed?

5. Did Commonwealth violate petitioners due process rights by presenting criminal acts at trial, that were not, covered by the grand jury indictments?

6. Did Commonwealth violate petitioners due process by jury not unanimously agreeing to specific acts of criminal misconduct?

7. Did trial counsel violate petitioners Sixth Amendment Right to adequate and effective counsel at sentencing?

8. Did Commonwealth violate petitioners due process rights by not allowing him a evidentiary hearing, or DNA re-testing issue?

In further support to point 3, petitioner attaches a sworn affidavit with exhibits.

In addition, with respect to points 1, 2 & 4, petitioners states as follows. In Ukawabutu V. Morton, 997 F.Supp. 605 (NJ, 1998)(Court rules that F.R.C.P. rule 12(b)(6), iis not an appropriate motion in habeas corpus proceeding)(same) Browder V. Director, of Dept., of Corrections, 434 U.S. 257 (1978). The AEDPA's Statue of limitations was tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application. Nino V. Galaza, 183 F.3d 1003 (9th Cir. 1999); (same) Barnett V. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). see also Valentine V. Senkowski, 966 F.Supp. 239, 241 (S.D.N.Y. 1997)("It is clear both from the plain meaning of the statue and legislative history of the [AEDPA] that the 1-year period of limitations does not run until after direct review has been completed and state post-conviction review has been exhausted."). If, however, a petitioner fairly presents and properly exhausts a claim before the state courts, but the state court does not address or evaluate the claim, the deferentail

standard articulated in AEDPA does not apply. Restucci V. Spencer, 249 F.Supp.2d 33 (D.Mass. 2003). "AEDPA's strict standard of review only appilies to a claim that was adjudicated on the merits in state court proceedings." Fortini V. Murphy, 257 F.3d 39, 47 (1st Cir. 2001). If the claims were not adjudicated on the merits then the issues are reviewed de novo.

Lastly, the petitioner implores this court not to construe his petition equivalent to one filed by an attorney. "Courts should read prisoner petitions generously, give them careful consideration, and resolve statutory ambiguities in prisoners favor." Quoting from Kane V. Winn, 319 F.Supp.2d 162 (D.mass. 2004).

Respectfully Submitted

*Kevin Norris*
Kevin Norris, Pro se
P.O.BOX 466
Gardner, MA 01440

Dated: July 23, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing application for certicate of Appealability was placed in the institution mail box on this 23rd day of July 2006, and forwarded to respondents counsel, via first class mail.

Johnathan Ofilos
Assistant Attorney general
Criminal Bureau
One Ashburton Place
Boston, MA 02108-1698

*Kevin Norris*
―――――――――――――
Kevin Norris