UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

KEVIN NORRIS,                  )
        Petitioner,            )    2006 JUL 31  P 2: 09
                               )
                               )
    v.                         )    U.S. DISTRICT COURT
                               )    DISTRICT OF MASS   CIVIL ACTION
                               )                NO. 05-11353-MLW
STEVEN O'BRIEN,                )
        respondent,            )


### AFFIDAVIT OF PETITIONER

I, Kevin Norris, do hereby depose and state as follows:

1. I believe that the DNA testing and Ineffective assistance
of counsel issues, should constitute newly discovered evidence,
due to the fact that were not developed at the time of my
Direct Appeal in 1996, or in 1997, the deadline for filing
my habeas corpus petition.

2. I received the DNA testing results in September of 2000, and
I received the Affidavit from trial counsel, attesting to
his ineffectiveness in October of 2000. (See both documents
attached hereto).

3. After receiving the documents, I wrote the Committee for
Public counsel services, for assistance with filing a Motion
for new trial, and additional testing. After several
correspondence to both David Nathanson and Donald Brostein,
counsel was assigned for screening. (See their letters to me,
attached hereto).

4. I then had attorney Sandra Bloomenthal, review the documents
and she decided to represent, after deciding that I had some
meritorious issues. (See her letter attached hereto).

5. I believe that this affidavit and documents-exhibits, prove that the evidence was discovered after the 1-year deadline, and the efforts I made to prepare and file a Timely motion for new trial, due to newly discovered evidence.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

Dated: July 23, 2006

_____
Kevin Norris

05-11353-mcw

## AFFIDAVIT

I, Bruce R. Taub, being duly sworn, do hereby depose and state as follows:

1) I am an attorney in good standing in the Commonwealth of Massachusetts. I represented Kevin Norris in <u>Commonwealth v. Norris</u>, 91SUCR25197-001-009, including trial representation, following which Mr. Norris was convicted of armed robbery and aggravated rape.



3) I believe Mr. Norris's sentence of 25-40 years to be extremely harsh and excessive, exceeding the old and new sentencing guidelines for someone with no prior convictions.

4) I believe the defendant's unwillingness to plead guilty, the race and class of the victim and of the defendant himself, and the presence of the victim's family in the courtroom may have fueled the trial judge's perception that a very severe sanction was warranted.

5) In my years of practicing criminal law in the Commonwealth I am unaware of a comparable sentence being given to a defendant with no prior criminal record who was a teenager at the time of his crime.

6) I believe in the interest of justice and fairness Mr. Norris sentence should be revised to reflect a sentence that is appropriate and within the sentencing guidelines.

Signed under the pains and penalties of perjury this    2 3 rd    day of October 2000.

Bruce R. Taub

ıCE R. TAUB, P.C.
ıTTORNEY AT LAW
ı TEMPLE PLACE
    SUITE 402
ıSTON, MA 02111

.L (617) 451-5710
x (617) 451-2253
il brt@ma.ultranet.com

# CELLMARK
## DIAGNOSTIC'S

20271 Goldenrod Lane · Germantown, Maryland 20876

Telephone: (301) 428-4980  (800) USA-LABS
Administration Fax: (301) 428-4877
Laboratory Fax: (301) 428-7946

## REPORT OF LABORATORY EXAMINATION
September 11, 2000

Mr. Noah Rosmarin
Adkins, Kelston & Zavez, P.C.
Attorneys At Law
90 Canal Street, 5th Floor
Boston, MA 02114

Re: Cellmark Case No. F001374
    Commonwealth v. Norris

## EXHIBITS:

Items of evidence were received for analysis on July 26, 2000.  Polymerase chain reaction (PCR) testing was performed on the items listed below:

Swab in envelope labelled "...swab of interior condom B"

Cutting in envelope labelled "...Towel stain #1"

Purple top tube of blood labelled "Kevin Norris"

## RESULTS:

DNA extracts isolated from the items listed above were tested using the AmpF/STR Profiler Plus™ PCR Amplification Kit.  The short tandem repeat (STR) loci tested and the types obtained for each sample are listed in the attached table.

## CONCLUSIONS:

Condom B (non-sperm fraction):

The data indicate that DNA from more than one individual may have been obtained from the non-sperm fraction of the condom B.  The DNA obtained from this sample contains DNA from a male.  The primary DNA profile from this sample matches the DNA profile from the tube of blood labelled Kevin Norris.

Accredited by the American Society of Crime Laboratory Directors/Laboratory Accreditation Board

Cellmark Diagnostics, Inc. is a subsidiary of Lifecodes Corporation

Report for Cellmark Case No. F001374
September 11, 2000
Page Two


Condom B (sperm fraction):

The DNA obtained from the sperm fraction of the condom B is from a male. The DNA profile from this sample matches the DNA profile from the tube of blood labelled Kevin Norris.

Using Recommendation 4.1 from the 1996 National Research Council report[1], the approximate frequencies in the Caucasian, African American, and Hispanic populations of the DNA profile common to the sperm fraction of the condom B, the tube of blood labelled Kevin Norris, and the primary DNA profile obtained from the non-sperm fraction of the condom B are as follows:

| POPULATION DATABASE | FREQUENCY |
|---|---|
| Caucasian | 1 in 2.5 trillion unrelated individuals |
| African American | 1 in 560 billion unrelated individuals |
| Hispanic | 1 in 40 trillion unrelated individuals |

Towel stain (non-sperm fraction):

The DNA obtained from the non-sperm fraction of the towel stain is from a female. Kevin Norris is excluded as the source of the DNA from this sample.

Towel stain (sperm fraction):

The DNA obtained from the sperm fraction of the towel stain is from a male. Kevin Norris is excluded as the source of the DNA from this sample.

Results for Cellmark Case No.: F001374
Date: 9/11/00
Table No.: 1
Page No.: 4

## ALLELES DETECTED - PROFILER PLUS

| Case | Sample | D3S1358 | vWA | FGA | AMEL | D8S1179 | D21S11 | D18S51 | D5S818 | D13S317 | D7S820 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| F001374 01E1 P | condom B (NSF) | 15 | 14,17,18 | 19,23 | X,Y+ | 14 | 28,29 | 15,21 | 13 (11) | 11 | 9,10 |
| F001374 01E2 P | condom B (SF) | 15 | 17,18 | 19,23 | X,Y | 14 | 28 | 15,21 | 13 | 11 | 9,10 |
| F001374 02E1 P | towel stain (NSF) | 15,16 | 14,16 | 22,24 (23) | X | 13 | 29,32.2 | 15,17 | 11 | 11 | 10,12 |
| F001374 02E2 P | towel stain (SF) | 15,17 | 15,16 | 20,24 | X,Y | 11,12 | 28,32.2 | 16,20 | 10,11 | 11,13 | 10 |
| F001374 03 P | Kevin Norris | 15 | 17,18 | 19,23 | X,Y | 14 | 28 | 15,21 | 13 | 11 | 9,10 |

NSF = non-sperm fraction

SF = sperm fraction

+ It may not be possible to determine whether DNA from a female is present when DNA from a male is detected.

The results in parentheses may be due to the presence of DNA from more than one individual or technical artifacts, and therefore were not interpreted.

The results listed in the table above do not depict intensity differences.

In addition to the profiles obtained from the items referenced in this report, weak results were observed. These results may be due to the presence of DNA from more than one individual or to technical artifacts, and therefore were not interpreted.

Report for Cellmark Case No. F001374
September 11, 2000
Page Three


**EVIDENCE DISPOSITION:**

In the absence of specific instructions, evidence will be returned to the submitting agency by Federal
Express or other appropriate carrier.




*Kathryn Colombo*
_____
Kathryn Colombo
Senior DNA Analyst

*Lewis O. Maddox*
_____
Lewis O. Maddox, Ph.D.
Molecular Geneticist


If expert witnesses are needed for depositions or court testimony, please notify us by telephone at
301-515-6155 at least four weeks in advance.


[1] The National Research Council Committee on DNA Forensic Science (1996) The Evaluation of Forensic DNA
Evidence. National Academy Press, Washington, D.C. (see p. 122, using $\theta = 0.03$).



*The Commonwealth of Massachusetts*
*Committee for Public Counsel Services*
*44 Bromfield Street, Boston, MA 02108*

**WILLIAM J. LEAHY**
CHIEF COUNSEL

TEL: (617) 482-6212
FAX: (617) 988-8495

**PATRICIA A. WYNN**
DEPUTY CHIEF COUNSEL
PRIVATE COUNSEL DIVISION

**ANDREW SILVERMAN**
DEPUTY CHIEF COUNSEL
PUBLIC DEFENDER DIVISION

WRITER'S DIRECT DIAL NUMBER

September 19, 2001

Attorney Bruce R Taub
59 Temple Place, Suite 402
Boston MA 02111

RE:    COMMONWEALTH V. KEVIN NORRIS

Dear Attorney Taub,

Mr. Norris, your former client, has contacted the Committee for Public Counsel Services
and requested that CPCS assist him in certain post-conviction matters. Mr. Norris
provided CPCS with a copy of an affidavit from you. I commend your willingness to
provide this affidavit to Mr. Norris.

In the affidavit you recount some failings at sentencing including your failure to
interview Mr. Norris' family in order to provide evidence in mitigation. As you know,
The defendant must satisfy a two-prong test in order to prevail on a claim of ineffective
assistance.  The defendant must show: 1) that counsel's conduct fell measurably below
the level expected of the ordinary fallible lawyer and 2) that counsel's failing "deprived
the defendant of an otherwise available, substantial ground of defence." Commonwealth
v. Saferian, 366 Mass. 89, 96 (1974).

Your affidavit appears to satisfy the first prong. However, more information is needed in
order to determine whether Mr. Norris can meet the second prong. It would be very
helpful if you or Mr. Norris could provide any specific information which could have
been provided in sentencing, but was not. Further, could you please advise as to whether
Mr. Norris had a sentence appeal and who represented him on the sentence appeal?

Thank you for your assistance.

Sincerely,

David Nathanson, Esq.

cc:    Mr. Kevin Norris



*The Commonwealth of Massachusetts*
*Committee for Public Counsel Services*
*44 Bromfield Street, Boston, MA 02108*

**WILLIAM J. LEAHY**
CHIEF COUNSEL

TEL: **(617) 482-6212**
FAX: **(617) 988-8495**

**PATRICIA A. WYNN**
DEPUTY CHIEF COUNSEL
PRIVATE COUNSEL DIVISION

**ANDREW SILVERMAN**
DEPUTY CHIEF COUNSEL
PUBLIC DEFENDER DIVISION

WRITER'S DIRECT DIAL NUMBER

December 21, 2001

Kevin Norris
12 Administration Road
Bridgewater, MA 02324

Dear Mr. Norris:

I have decided to assign an attorney to screen your case
again. The attorney will be assigned for the purpose of
reviewing any issues related to your sentencing since those
issues were not examined at the time of the previous screening.
Specifically, the attorney will determine whether there is any
~~bility of getting a new attorney~~ ~~gement that he could have done more on~~
your behalf at sentencing; your claims relating to statements
made at sentencing by the prosecutor, and the later dismissal of
the Roxbury case. The screening attorney will also be
authorized, but not required, to look at any other claims,
including the DNA issue.

I do not want to hold out any false hope since I believe
that these claims are difficult ones on which to achieve success.
Nonetheless, especially in light of your lengthy sentence, it
seems to me that they are worth examining more closely.

Very truly yours,

Donald S. Bronstein
Director of Criminal Appeals
Private Counsel Division

# BLOOMENTHAL AND BLOOMENTHAL

## A PROFESSIONAL ASSOCIATION
### - ATTORNEYS AT LAW -
P.O. BOX 870
445 OLD KINGS HIGHWAY
EAST SANDWICH, MA 02537

TEL (508) 833-9114
FAX (508) 888-0487

ROBERT T. BLOOMENTHAL
SANDRA FEINZIG BLOOMENTHAL

June 4, 2002

Mr. Kevin Norris
North Central Correctional Institution
500 Colony Road
P.O. Box 466
Gardner 01440

Dear Mr. Norris:

It was good speaking with you today and as I indicated to you, after reviewing your file, I see several issues that scream out at me. ████████████████████████████ ████████████████████████████████████████████. Even though you are not excluded as to the donor of the semen found in the condoms, it lends credence to the fact that this was a consensual act and that this could appear to have been a group sexual experience.

████████████████████████████████, together with the issues concerning the withholding of exculpatory evidence are also germane to your motion.

As per your request, I am enclosing copies of the article which appeared about me in Lawyers Weekly. Thank you.

Very truly yours,

Sandra F. Bloomenthal

SFB/vmd
Enclosures