UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN NORRIS,        )
     Petitioner,     )
                     )
V.                   )
                     )    C.A. No.05-11353-MLW
                     )
STEVEN O'BRIEN,      )
     Respondent,     )

PETITIONERS MOTION FOR RECONSIDERATION
AND FOR HEARING

Now comes the petitioner, Kevin Norris, in the above-cited matter and respectfully moves this Honorable Court pursuant to the Federal Rules of Civil procedure for reconsideration of judge Mark Wolfs, dismissal order, and for a factual hearing.

As grounds thereof, the petitioner states as follows:

1. His petition was denied without a hearing depriving petitioner the opportunity to support his claim(s), (a) that the statue of limitations was "tolled" while he exhaust his state court remedies; (b) that he can prove a "good cause-reason for the procedural default, i.e., the issues arose (His claim of ineffective assistance of Counsel & DNA testing) after the statue of limitations expired; (c) Whether the Strict standards of the AEDPA, apply when the State Courts failed to address the merits of his Constitutional issues; (d) Whether petitioner is entitled to relief under the Miscarriage of justice standard.

In habeas Corpus proceeding, petitioner is entitled to a hearing "in person" before district Court. See Albert Ex Rel. Buice V. Patterson, 155 F.2d 429 (C.A. 1 Mass. 1946); Walker V. Johnston, 312 US 275, 287 (1981).

-2-

2. His petition was denied via Rule 12(b)(6). Petitioner believes that dismissal under this rule was improper. See Browder V. Director, of Corrections, 434 U.S. 257 (1978); Ukawabutu V. Morton, 997 F.Supp. 605 (NJ, 1998).

Furthermore, the petitioner implores this Honorable Court to excuse his delay in filing the motion for reconsideration, due to the fact that he's acting pro se. "Courts should act to insure that pro se litigants' rights are not inadvertently jeopardized through tactical or legal ignorance." Evicci V. Baker, 190 F.Supp.2d 233 (D.Mass. 2002); see also Neverson V. Bissonnette, 242 F.Supp.2d 78, affirmed on other grounds 366 F.3d 32 (D.Mass. 2003)(Pro se petitioner for Federal habeas relief cannot be held to pleading standard equivalent to those of binding attorney).

Wherefore, the petitioner prays that this Honorable Court:

1. Allow this motion and **grant** him a fact finding hearing.

                                        Respectfully Submitted

                                        Kevin Norris, pro se
                                        30 Administration Road
                                        Bridgewater, MA 02324

Dated: February 4, 2007