UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN NORRIS,           )
      Petitioner,       )
                        )
                        )
v.                      )     C.A.No. 05-11353-MLW
                        )
                        )
STEVEN O'BRIEN,         )
      Respondent,       )

FILED
IN CLERKS OFFICE

2007 FEB -5  P 2: 55

U.S. DISTRICT COURT
DISTRICT OF MASS

PETITIONERS MOTION FOR EVIDENTIARY HEARING

   Now comes the petitioner Kevin Norris, in the above-cited matter and respectfully moves this Honorable Court pursuant to the Federal rules of Civil Procedure for an Evidentiary hearing.

   As reasons therefore, the petitioner states that he was denied a proper fact-finding hearing in the state Court, the motion Judges finding was erroneous, and the Massachusetts Appeals Court did not address his claims or his Constitutional issues. The Petitioner filed a motion for New trial based on newly discovered evidence, i.e., affidavit from trial counsel attesting to his own ineffectiveness at sentencing and his opinion that the sentencing judge took into consideration several improper factors, and DNA testing results raising a resonable doubt about petitioners guilt. The Motions were denied without a hearing ( see rules attached hereto as Exhibit A), the Motion judge (Who was not the trial judge) denied one of the Motions for New trial based on his opinion that three individuals could have deposited the semen on the towel left at the crime scene. This ruling is contrary, to the evidence at trial. The victim testified that the Petitioner ejaculated on the towel twice, (See certain transcript pages attached hereto as Exhibit B). Additionally, the appeals Court did not address the Petitioners motions or claims, because they incorporated the Commonwealths brief by reference as a basis of their decision. (See ruling, attached hereto as Exhibit C), this practice was scrutinized in Restucci V. Spencer, 249

-2-

F.Supp.2d 33 (D.Mass. 2003.

   The petitioner believes that he meets the Criteria set forth in 28 U.S.C.A. § 2254 (Governing evidentairy hearings) (1) the merits of the factual dispute were not resolved in the statehearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantail of **newly discovered** evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. See also <u>Sanna V. Dipaolo</u>, 265 F.3d 1 (C.A. 1. Mass. 2001)(same) <u>Huenefeld V. Maloney</u>, 62 F.Supp.2d 211 (D.Mass. 1999).

   The petitioner implores this Honorable Court to grant him an evidentiary hearing to further develop his Ineffective Assistance of cousel claim, and DNA Testing issue.

                                        Respectfully Submitted

                                        *[signature]*
                                        Kevin Norris, Pro se
                                        30 Administration Road
                                        Bridgewater, MA 02324

Dated: February 4, 2007

"EXHIBIT"
A

**Commonwealth of Massachusetts**
County of Suffolk
The Superior Court

CRIMINAL DOCKET# SUCR1991-25197

RE:   **Commonwealth v Norris, Kevin**

TO: Sandra F Bloomenthal, Esquire
Bloomenthal & Bloomenthal
445 Old Kings Highway Route 6A
PO BOX 870
E Sandwich, MA 02537

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on 01/09/2003 is as follows:

Deft files motion for post conviction relief (newly discovered evidence) with affidavit

**Motion (P#52) denied without a hearing. Evidence regarding the towel was presented at trial, and indicatet the source could be anyone of the three people. Spurlock, RAJ**

Dated at Boston, Massachusetts this 10th day of January, 2003.

John A. Nucci,
Clerk of the Courts

Location: CtRm 21 (Suffolk Courthouse, P.O. Square, Boston)

47

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CRIMINAL DOCKET# **SUCR1991-25197**

RE:  **Commonwealth v Norris, Kevin**

TO: Kevin Norris
P.O. BOX 466
Gardner, MA 01440

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on 03/28/2003 is as follows:

Deft files amended motion for new trial with affidavit and memorandum.

**Motion (P#65) denied without a hearing. Spurlock, RAJ**

Dated at Boston, Massachusetts this 31st day of March, 2003.

John A. Nucci,
Clerk of the Courts

Location: CtRm 21 (Suffolk Courthouse, P.O. Square, Boston)



"EXHIBIT"
B

2-78

| | | |
|---|---|---|
| 1 | Q | What? |
| 2 | A | He wanted to -- he said that he wanted to rape me |
| 3 | | anally. |
| 4 | Q | What did you do, Ms. Upson, when he said he wanted to |
| 5 | | penetrate you anally? |
| 6 | A | I almost -- I said no, no, no, over and over again. |
| 7 | Q | What did he do? |
| 8 | A | He said, okay, I won't do that. |
| 9 | Q | What did he do then? |
| 10 | A | He turned me over, and he mounted me from above. |
| 11 | Q | Did he ejaculate? |
| 12 | A | Yes. |
| 13 | Q | Where? |
| 14 | A | On my stomach. |
| 15 | Q | After he ejaculated, what did he do? |
| 16 | A | He wiped himself with a towel that was on the floor of |
| 17 | | the bedroom, and me. |
| 18 | Q | After he ejaculated, Ms. Upson, did he give you |
| 19 | | something to put around yourself? |
| 20 | A | Yes. |
| 21 | Q | What? |
| 22 | A | A blanket. |
| 23 | Q | Did he do something then with regard to Glenn? |
| 24 | A | Pardon? |

2-96

| | | |
|---|---|---|
| 1 | A | Because I was frightened. I thought I was going to |
| 2 | | die. |
| 3 | Q | Where was the knife, Ms. Upson? |
| 4 | A | At the foot of the bed. |
| 5 | Q | And, after he told you to stick your tongue out, what |
| 6 | | next occurred? |
| 7 | A | He continued for a little while, and then he stopped |
| 8 | | and ejaculated on my stomach. |
| 9 | Q | And, after he ejaculated on your stomach, what did he |
| 10 | | do? |
| 11 | A | He wiped himself off and me off with the same towel. |
| 12 | Q | After he ejaculated, did he let you get dressed? |
| 13 | A | Yes. |
| 14 | Q | How long -- strike that. |
| 15 | | How much time passed before he let you get |
| 16 | | dressed? |
| 17 | A | Not very long. Almost immediately. |
| 18 | Q | Did he get dressed? |
| 19 | A | Yes. |
| 20 | Q | Did he have further conversation with you then about |
| 21 | | what you intended to report? |
| 22 | A | Yes. |
| 23 | Q | What did he say to you? |
| 24 | A | He told me that he wanted me to dye my hair blonde and |

4-33

1    on the towel, I think it's pretty clear to you from
2    what the criminalist said that there were a lot of
3    stains on that towel. It was quite soiled. There was
4    a seminal stain there, but he couldn't say whether that
5    blood group substance -- and, by the way, there was no
6    blood on that towel -- whether that blood group
7    substance came from the seminal stain or some other
8    stain. ✗ So that seminal stain may have come from Kevin
9    Norris, and that blood group substance could be the
10   sweat of Vance or Glenn or anybody else that wiped
11   themselves off with that towel.
12          So is that in any way inconsistent? No. He
13   wiped himself off with that towel, and then he allowed
14   Martha Upson to put a blanket around herself. And,
15   while this had been going on, he had the radio up off
16   and on real loud, low, loud. And he was calling out to
17   Glenn, are you okay in there, Glenn.
18          And, at this point, he asked Glenn if he
19   wanted something to drink. He got Glenn a drink. He
20   handed it through the door to him, and he found out
21   that Glenn Guy was smoking a cigarette. And Martha
22   Upson asked for a cigarette. Why did she ask for a
23   cigarette? She wanted a few minutes while this man
24   wasn't touching her, while he wasn't raping her orally

1  kill her, and then he decided that he wanted to have
2  sex with her again. She got up and went to the
3  bathroom and tried to make herself vomit. She was ill.
4  She's disgusted. At that point, he put Glenn back in
5  the bathroom. He told her to take her clothes off
6  again. She said, please, you told me you'd leave.
7  Please. And he told her they were going to have sex
8  again.
9      He forced her to take her clothes off, and he
10 penetrated her again vaginally. He ejaculated on her
11 stomach; and, again, he wiped it off with a towel.
12     On the issue of the condoms that Mr. Taub
13 raised, saying that the semen in it would have been
14 matched with the defendant's, is there any evidence
15 before you that it's possible to match that semen? And
16 didn't the criminalist testify that there was semen in
17 the condom, and didn't he testify that there were sperm
18 cells present? And didn't he tell you that this
19 defendant was a nonsecretor, meaning he did not
20 secrete his blood type in his seminal fluid? And
21 didn't he tell you that it was impossible for him to
22 get a blood type off of the semen in that condom?
23 Isn't that consistent?
24     The defendant then began to tell Martha Upson

"EXHIBIT"
C

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-281

COMMONWEALTH

vs.

KEVIN NORRIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

On July 17, 1992, a Superior Court jury convicted the defendant of aggravated rape, assault and battery by means of a dangerous weapon, and several other charges, all of which arose out of events in the victim's apartment on October 29, 1991. Three successive motions for new trial were denied, two of which have been consolidated in this appeal.

We have reviewed the record of the trial and conclude, on the basis of the Commonwealth's brief, at pages twenty through forty, that the motion judge, who was not the original trial judge, correctly denied the second and third motions for a new trial.

<u>Orders denying second and third motions for new trial affirmed</u>.

By the Court (Greenberg, Brown & Smith, JJ.),

Ashley Ahearn
Clerk

Entered: April 29, 2004.

# Commonwealth of Massachusetts

Appeals Court for the Commonwealth

At Boston,

In the case no. 03-P-281

COMMONWEALTH

vs.

KEVIN NORRIS

Pending in the Superior

Court for the County of Suffolk

Ordered, that the following entry be made in the docket:

<u>Orders denying second and third motions for new trial affirmed</u>.

By the Court,



NOTE:
The original of the within rescript will issue in due course, pursuant to M.R.A.P.23
APPEALS COURT

_____ clerk

Date   April 29, 2004