UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KEVIN NORRIS,<br>　　　Petitioner,<br><br>　　　v.<br><br>STEVEN O'BRIEN,<br>　　　Respondent. | )<br>)<br>)<br>)<br>)　　Civil Action No. 05-11353-MLW<br>)<br>)<br>)<br>) |

**RESPONDENT'S REPLY TO PETITIONER'S MOTION IN OPPOSITION TO
RESPONDENT'S MOTION FOR RECONSIDERATION AND OPPOSITION TO
PETITIONER'S MOTION FOR EVIDENTIARY HEARING**

Now comes the respondent Steven O'Brien, through his attorney, and respectfully submits this opposition to the petitioner's motion for reconsideration and his motion for a evidentiary hearing.

**PRIOR PROCEEDINGS**

On July 17, 1992, a Suffolk County jury convicted Norris of three counts of aggravated rape; three counts of armed robbery; one count of assault and battery with a dangerous weapon; and one count of assault with a dangerous weapon. *See Exhibit A*, at 7-8. Norris was subsequently sentenced to twenty-five to forty years in state prison. *Id*. at 8. On July 21, 1992, Norris filed a Notice of Appeal. *Id*. The Appeals Court of Massachusetts affirmed the conviction in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28 on March 7, 1996. *Commonwealth v. Norris*, 40 Mass. App. Ct. 1107 (1996). Norris' application for further appellate review was denied on April 29, 1996. *Commonwealth v. Norris*, 422 Mass. 1107 (1996).

On May 20, 1998, Norris filed his first motion for new trial in the Suffolk Superior Court.

*See Exhibit A*, at 9.  That motion was denied on May 29, 1998 by Donovan, RAJ.  *Id*.  Norris filed a notice of appeal from the denial of his motion on June 19, 1998.  *Id*.  In a Rule 1:28 decision on October 22, 1999, the Appeals Court affirmed the denial of the motion for new trial and motion for reconsideration.  *Commonwealth v. Norris*, 48 Mass. App. Ct. 1105 (1999).  Norris's application for further appellate review was denied on September 08, 2000.  *Commonwealth v. Norris*, 432 Mass. 1108 (2000).

On August 26, 2002, Norris filed his second motion for new trial claiming newly discovered evidence.  *See Exhibit A,* at 10.  The motion was denied by the Suffolk Superior Court without a hearing on January 9, 2003 by Spurlock, RAJ, and Norris once again appealed.  *Id*. at 11.  While that appeal was pending, Norris filed his third motion for new trial on February 21, 2003.  *Id*.  The third motion for new trial was also denied without a hearing by the Suffolk Superior Court on March 28, 2003 (Spurlock, RAJ).  *Id*. at 12.  Norris again appealed to the Appeals Court, which consolidated the two pending appeals.  On April 29, 2004 the Appeals Court affirmed the denial of the second and third motions for new trial.  *Commonwealth v. Norris*, 61 Mass. App. Ct. 1102 (2004).  On June 30, 2004, the Supreme Judicial Court denied Norris' third application for further appellate review.  *Commonwealth v. Norris*, 442 Mass. 1104 (2004).

On June 27, 2005, twelve years after his conviction and 7 years after the lapse of the statute of limitations period, Norris filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 27, 2006, this court granted the respondent's motion to dismiss as time-barred.  Norris filed a timely notice of appeal with the United States Court of Appeals for the First Circuit and is presently awaiting a decision on his certificate of appealability.  On February

05, 2007, the respondent filed a motion for reconsideration of the courts order dismissing the petition, a motion for an evidentiary hearing, an amended motion for certificate of appealability and a motion to withdraw and dismiss arguments E through F.

## ARGUMENT

A.  **The Motion for Reconsideration Should Be Denied Where the Petition Was Properly Dismissed as Time-Barred.**

Norris's motion for reconsideration of this Court's order dismissing the petition for writ of habeas corpus should be denied where the court properly found that the petition was time-barred under 28 U.S.C. § 2244(d)(1)(A). The Supreme Judicial Court denied Norris's application for further appellate review on April 29, 1996. *Commonwealth v. Norris*, 422 Mass. 1107 (1996). Allowing ninety (90) days within which Norris could file a petition for a writ of certiorari with the United States Supreme Court, Norris's conviction became final on July 28, 1996. *See* 28 U.S.C § 2244(d)(1)(A). Norris had until July 28, 1997 to bring a habeas action in federal court. Norris's federal habeas petition was not filed until June 27, 2005, twelve years after his conviction became final and seven years after the lapse of the limitation period. Therefore, this petition is time-barred and was properly dismissed. *See* 28 U.S.C. § 2244(d); *see also Lattimore v. Dubois*, 311 F.3d 46, 53-54 (1st Cir. 2002)(holding that a petition filed even one day late for the statute of limitations deadline must be dismissed as untimely).

Even assuming, *arguendo*, that the statute of limitations should have started to run on the later of the dates upon which he received the DNA results and the affidavit by trial counsel, which allegedly support his claims of actual innocence and ineffective assistance of counsel, the limitations period would have begun to run on October 23, 2000. *See Petitioner's Amended*

*Application for Certificate of Appealability*, Exhibit A-B. Allowing Norris the one year statutory limitations period, he would have been required to have filed his petition before October 23, 2001. As set forth above, Norris did not file the present habeas petition until June 27, 2005, long after the limitations period would have lapsed.

Furthermore, Norris is not entitled to rely on the tolling provision set forth in 28 U.S.C. § 2244(d)(2) where he failed to initiate state-court proceedings within the one year statutory period. Whether the Court recognizes July 28, 1996 or October 23, 2000 as the date upon which the statute of limitation began to run, Norris failed to submit a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim...," during the respective one year period that followed those dates. *Id*. Norris did not file his first motion for new trial until May 20, 1998. *See Exhibit A,* at 9. The Massachusetts Supreme Judicial Court denied further appellate review of that motion for new trial on September 08, 2000. *Commonwealth v. Norris*, 432 Mass. 1108 (2000). Norris did not file his second motion for new trial until August 26, 2002. *See Exhibit A,* at 10. Since all of those events occurred outside either of the proposed one year statute of limitations periods, they have no impact on the timeliness of Norris's petition. *See, e.g.*, *Demars v. General Dynamics Corp.*, 779 F.2d 95, 98 n.2 (1st Cir. 1985) (no tolling where event occurred outside limitations period). Consequently, the statute of limitations was not tolled and this Court properly found Norris's petition to be untimely.

**B.    The Petitioner Is Not Entitled to Equitable Tolling Where He Has Not Shown "Extraordinary Circumstance" Beyond His Control Or That He Diligently Pursued His Claims.**

Although the First Circuit has recognized that in very limited situations the one-year

statute of limitations for filing a habeas petition may be equitably tolled, it has cautioned that the doctrine should be invoked only "sparingly" and is "justified only in extraordinary circumstances." *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004) (citations omitted). *See also David v. Hall*, 318 F.3d 343, 346 (1st Cir.), cert. denied, 540 U.S. 815 (2003)("If equitable tolling is available to extend 2244(d)'s limitations period, it can only do so for the most exceptional reasons"); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002)("We have made it pellucid" that if equitable tolling is permissible under 28 U.S.C. § 2244(d)(1), it may be invoked only in the most "extraordinary circumstances"); *Delaney v. Matesanz*, 264 F.3d 7 14-15 (1st Cir. 2001). Equitable tolling is "not available to rescue a litigant from his own lack of due diligence," and is appropriate "only when circumstances beyond the petitioner's control have prevented him from filing on time." *Neverson*, 366 F.3d at 42. Similarly, other circuits have curtailed the availability of equitable tolling in the context of habeas petitions. *See e.g., United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir 2000)("the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999)("[E]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(§2244(d)(1) can be tolled in "rare and exceptional circumstances").

The party seeking to invoke the equitable tolling doctrine "bears the burden of establishing the basis for it." *Neverson*, 366 F.3d at 41. *See also Pace*, 125 S.Ct. 1807, 1814. "Ignorance of the law alone, even for incarcerated *pro se* prisoners, does not excuse an untimely filing." *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002), cert. denied, 538 U.S. 966 (2003),

citing *Delaney*, 264 F.3d at 15 (other citations omitted).  Likewise, an attorney's error in not filing a timely habeas petition does not constitute grounds for equitable tolling.  *See David*, 318 F.3d at 345-46; *see also Kreutzer v. Boweresox*, 231 F.3d 460, 463 (8th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

      In the instant case, Norris fails to meet the arduous burden required for equitable tolling to be granted.  Norris implies that the alleged ineffectiveness of his trial attorney some how effected his ability to timely file his habeas petition. Such a claim does not meet the requirements for a finding of equitable tolling.  Norris fails to show how the alleged failings of his trial attorney constituted "extraordinary circumstances" which prevented Norris from timely filing his habeas petition.

      Norris also contends that certain DNA results that allegedly help his case were not available until after the lapse of the statute of limitations.  *Petitioner's Motion for Reconsideration*, at 1.  The DNA report that Norris relies on is dated September 11, 2000.  *See Petitioner's Amended Application for Certificate of Appealability*, Exhibit A.  Therefore, it can be assumed that Norris had notice of the results on that date or soon thereafter.  Nevertheless, Norris never filed this petition until June 27, 2005.  *See Exhibit A*, at 10.  Furthermore, Norris's motion for new trial in state court was not filed until August 26, 2002.  *See id.*  Where Norris failed to diligently pursue this claim within the one year period after he became aware of the results, he is not entitled to equitable tolling.  Therefore, this Court properly denied the petition for habeas corpus as time-barred.

**C.     The Petitioner's Motion For an Evidentiary Hearing Should Be Denied.**

Pursuant to 28 U.S.C. § 2254(e)(2),

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that:
>
> (A) the claim relies on –
>
>    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Norris has requested that this Court conduct an evidentiary hearing on his petition for a writ of habeas corpus. *See Petitioner's Motion for Evidentiary Hearing.* This request must be denied where Norris seeks either to develop facts that he failed to develop in the state court or re-litigate matters that already have been determined against him in state court.

An evidentiary hearing on Norris's petition for writ of habeas corpus, which raises issues that where raised in Norris's Rule 30(b) motions, would necessarily re-litigate matters that have already been determined against him in the state court. The Suffolk Superior Court (Spurlock, RAJ) denied Norris's second motion for new trial on January 9, 2003 stating "[e]vidence regarding the towel was presented at trial, and indicatet [sic] the source could be anyone of the three people." *Petitioner's Motion for Evidentiary Hearing*, Exhibit A at 1.

As such, section 2254(e)(2) applies to preclude an evidentiary hearing in this habeas

forum unless petitioner can meet the exceptions to that provision. Norris fails to set forth any factual support for his conclusory claims that he meets the requirements of 2254(e)(2).

Norris's claims do not rely upon a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2254(e)(2)(A)(I). Furthermore, Norris cannot claim that he is relying upon a "factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). As discussed above, Norris knew of the DNA results on or about September 11, 2000. Finally, Norris cannot and has not demonstrate that any facts he would develop at an evidentiary hearing would be such that "no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Therefore, Norris's request for an evidentiary hearing must be denied.

## CONCLUSION

WHEREFORE, this Court should deny the petitioner's motion for reconsideration of this Courts Order dismissing the petition for writ of habeas corpus. Further this Court should deny the petitioner's motion for an evidentiary hearing.

Respectfully submitted,

MARTHA COAKLEY
ATTORNEY GENERAL

 /s/ Jonathan Ofilos
Jonathan Ofilos
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2634
BBO # 658091

Dated: April 10, 2007

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 10, 2007.

             /s/ Jonathan Ofilos
             Jonathan Ofilos
             Assistant Attorney General