UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2007 APR 30 P 4: 30

U.S. DISTRICT COURT
DISTRICT OF MASS.

KEVIN NORRIS,　　　　)
　　　petitioner,　　)
　　　　　　　　　　　)
　　　　　　　　　　　)
V.　　　　　　　　　　)　　C.A. No. 05-11353-MLW
　　　　　　　　　　　)
STEVEN O'BRIEN,　　　)
　　　respondents,　 )

PETITIONERS REPLY MOTION TO RESPONDENTS
OPPOSITION MOTION

　　Now comes the petitioner Kevin Norris, in the Above-cited matter and respectfully moves this Honorable Court to consider the additional information contained in this motion, in response to the respondents opposition to his request for reconsideration and a Evidentiary hearing.

1. The Petitioner disagrees with the respondents legal arguement concerning the tolling provision set forth in 28 U.S.C. § 2244 (d)(2), petitioner states that that DNA Testing and Ineffective assistance of Counsel (At sentencing) claim was "Tolled" due to the following:

(A) The Petitioner did not received the **Newly discovered** evidence-documents until September & October of 2000, and in accordance with Post-conviction procedure he submitted these documents to the Committee for Public Counsel for Review, so that they could assist petitioner with a Motion for New trial due to newly discovered evidence. See (EXHIBIT A-C, attached hereto). This is why the plaintiffs motion for new trial was not filed until August 26, 2002. Several courts of Appeals have ruled, that a properly filed application for collateral review is indeed Pending" during the period that the state appeal petition is **"being prepared."** See, e.g., Nino V. Galaza, 183 F.3d 1003, (9th Cir. 1999); Barnett V. Lemaster, 167 F.3d 1321 (10th Cir. 1999) and Killela V. Hall, 84 F.Supp.2d 204 (D.Mass. 2000). As the Court stated in Barnett, the term "Pending" must be construed ....broadly to encompass all of the time during which a state

is attempting through proper use of state court procedures, to exhaust state court remedies. Id. 167 F.3d at 1323 see also Nino, 183 F.3d at 1004 (9th Cir.1999) See also Healy V. Dipaolo, 981 F.Supp. 705, 707 (D.Mass.1997)(Stating that petitioner effectively tolled the one-year limitation pediod ....from running until such time as the state courts exhaust their review of his new claims). The respondent has not, and will not challenge the fact that the Petitioner filed a Proper State Court Application of a Motion for New trial due to new ly discovered evidence, as such the 1-year statue of limitation did not begin until the court ruled on these claims.

(B) The petitioner is entitled to a evidentiary hearing because the lower court did not Grant him a hearing to fully develope his ineffective assistance of counsel or DNA testing claims. The Court did not rule on the ineffective assistance of counsel claim for reasons unbeknownst to petitioner, nontheless, all claims, waived or not, must be considered. See Commonwealth V. Randolph, 438 Mass. 290, 293 (2002); Commonwealth V. Zinser, 446 Mass. 807 (2006). Furthermore, the Court decision on the petitioners DNA testing issue was unsupported and contrary to the evidentiary record. There was absolutely no other evidence at trial that anyone other than the petitioner ejaculated on the towel, and the transcript pages attached to petitioners motion for reconsideration support this position. The respondents cannot argue otherwise? Federal Habeas petitioner is entitled to evidentiary hearing only if state court fact finding process was deficient. See Huenefeld V. Maloney 62 F.Supp. 2d 211 (D. Mass 1999).

Respectfully Submitted

Kevin Norris
30 Administration Road
Bridgewater, MA 02324

Dated: April 21, 2007