UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN NORRIS,<br>    Petitioner<br><br>    v.<br><br>STEVEN O'BRIEN,<br>    Respondent | )<br>)<br>)<br>)  C.A. No. 05-11353-MLW<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.

I. INTRODUCTION

Pro se petitioner Steven O'Brien seeks relief pursuant to 28 U.S.C. §2254. On June 26, 2007, the court denied the petition as untimely. Subsequently, the petitioner filed a motion for discovery and then, on July 31, 2006, the petitioner filed both a notice of appeal and a motion for a certificate of appealability ("COA"). He next filed, on February 5, 2007, a motion for reconsideration, an amended motion for a COA, and a motion to amend the petition. For the reasons discussed in this Memoranda, the motion for a COA is being denied. The remaining motions are being denied without prejudice.

II. DISCUSSION

    A. COA

"[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the

1

district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

An issue "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 332, 338 (2003) (internal quotation marks omitted). However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. §2241 et seq, "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

The petitioner contends, without argumentation, that the court arguably failed to recognize that he had good cause for his procedural default, that his statutory period was tolled during the pendency of state proceedings, and that his actual innocence claim excepts him from the procedural requirements of §2254. The claims are without merit.

The petitioner has suggested no cause to explain, let alone justify his procedural default. The procedural default was,

2

therefore, not excusable. Moreover, the petitioner filed his state proceedings after the §2254 statutory period had elapsed. June 26, 2007 Memorandum and Order at 4. As such, there was no time remaining to toll. Id. at 4-5. Finally, the petitioner was required to timely file his actual innocence claim under the same restrictions governing all other claims. See David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003). These conclusions are not debatable.

The petitioner also raises a series of claims related to the merits of his petition that the court did not previously, and will not now, reach because the petitioner's untimely filing precludes further review of those issues.

B. The Court Lacks Jurisdiction to Consider the Remaining Motions

The petitioner has timely filed a notice of appeal of this court's judgment. The filing of a notice of appeals "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Spound v. Mohasco Industries, Inc., 534 F.2d 404, 411 (1st Cir. 1976) ("[A]fter the original appeal had been filed, the case remained in the district court only for procedures 'in aid of the appeal.'"). Moreover, the petitioner did not file his motion for reconsideration with the ten days of judgment provided to suspend the notice of appeal. See F.R.App.P. 4(B)(i); Fed.R.App.P. 4

advisory committee's note. Instead, the motion for reconsideration was filed about seventh months after judgment was entered. As such, the court lacks jurisdiction to address the petitioner's remaining motions.

III. ORDER

Accordingly, it is hereby ORDERED that:

1. Petitioner's Amended Application for Certificate of Appealability (Docket No. 22) is DENIED.

2. Petitioner's Motions for Discovery (Docket No. 11), Reconsideration (Docket No. 10), and an Evidentiary Hearing (Docket No. 21) are DENIED without prejudice.

                                                      /s/ Mark L. Wolf
                                                      UNITED STATES DISTRICT JUDGE